**STATE of Missouri, Respondent,**

v.

**Daryl R. CARTER, Appellant.**

**No. WD 31917.**

Missouri Court of Appeals, Western District.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 19, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Gerald M. Handley, Speck & Handley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Daryl Carter was convicted of robbery first degree and rape, but those convictions were reversed in *State v. Carter*, 591 S.W.2d 219 (Mo.App.1979). On the retrial of the same charges, Carter was again found guilty by a jury and punishment assessed by it at 25 years imprisonment on the robbery charge and 50 years on the rape charge. The court assessed punishment at 25 years on the robbery charge and reduced the sentence on the rape to 30 years with the two terms to be served concurrently.[1]

On this appeal Carter contends the court erred in failing to determine the entire question of punishment instead of submitting it to the jury and in permitting certain cross-examination. Affirmed.

Carter does not question the sufficiency of the evidence and it will suffice to simply state that the evidence was ample to support the finding of guilt on both charges by the jury.

Carter first contends that his request that the trial court assess punishment under § 557.036.2, RSMo 1978,[2] instead of submitting that issue to the jury should have been granted. Rather, the court refused to determine the punishment alone and submitted the question to the jury. Closely linked to that argument is a contention that the sentences in this case are in fact vindictive and were pronounced solely because Carter's first appeal was successful. It should be noted the sentences in the first case were 10 years on each charge and the court ordered those to run consecutively.

Carters first argument that the sentences in this case exceed those in the first and thus must have been the result of vindictiveness is dispelled by *Johnson v. State*,

---

1. The court was empowered by § 546.430, RSMo 1969, to reduce the punishment.

2. All statutory references are to RSMo 1978 unless otherwise noted.

607 S.W.2d 808–809[1] (Mo.App.1980). There the court pointed out that the vindictiveness condemned in *North Carolina v. Pearce*, 395 U.S. 711 (1969) is not present when the sentence in the second case is assessed by a jury unaware of the prior sentence. Here the sentence was set by the jury which was unaware of the prior sentence and reduced by the trial court. This certainly does not show vindictiveness.

■ The contention that the trial court was bound to assess the punishment and not submit the question to the jury under § 557.036.2 is untenable because that section is a part of the new Criminal Code and does not apply to crimes committed prior to January 1, 1979. The crime charged in this case occurred about midnight on October 14–15, 1977. Section 556.031.3 provides:

"The provisions of this code do not apply to or govern the construction of and punishment for any offense committed prior to January 1, 1979, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions of section 1.160, RSMo, notwithstanding."

The court was correct in refusing to assess punishment without submitting that issue to the jury.

Carter finally contends that the court erred in permitting the State to cross-examine him as to his whereabouts on the night of October 14, 1977. Carter testified on direct examination that he did not rob and did not rape the lady mentioned in the charge. On cross-examination the prosecutor asked Carter where he was on the night of the crime. Counsel objected on the ground that this would require Carter to prove an alibi. The court overruled the objection and when Carter said he did not remember, the prosecutor asked if he had not previously testified that he was at a party. Carter agreed that he had so testified. Further cross-examination revealed that Carter could not remember where the party was or who was present nor any other of the details. A few of the details were brought out by a further reference to his previous testimony. The contention on this appeal is that the questions on cross-examination as to where he was, what he was doing and who he was with at the time of the offense went beyond the scope of direct examination in violation of § 546.260, RSMo 1969.

There can be no doubt that the burden was on the State to prove that Carter committed the crimes at the times and places alleged. *State v. Tolliver*, 562 S.W.2d 714, 720[16–19] (Mo.App.1978). When Carter took the stand and denied that he had committed the crimes on direct examination, he thereby covered the whole issue tendered by the charge. In *State v. Thompson*, 363 S.W.2d 711, 717[8, 9] (Mo. banc 1963) the court held that when a defendant in a criminal case testifies in his own behalf and covers practically the whole issue tendered by the charge, then "the cross-examination is not limited to a mere categorical review of the matters referred to on direct examination, but the subject matter referred to in a general way may be developed in detail on cross-examination."

■ The State was not requiring Carter to prove an alibi when it asked where he was at the time and place of the crime. Since Carter had denied commission of the crime and since the State was required to prove that he was present at the time and place of the commission of the crime, the issue of Carter's whereabouts on the night of October 14, 1977, was squarely presented to the court. Thus, Carter introduced the question of his whereabouts on the night in question when he denied he committed the crimes. This question was subject to being developed in detail by the State under *Thompson*. Carter was not entitled to deny on direct examination that he committed the crimes and then claim immunity from cross-examination as to his whereabouts at the time of the commission of the crimes.

This precise question was answered in *People v. Rhinehart*, 137 Cal.App.2d 497, 290 P.2d 600, 603[4, 5] (1955). There the

defendant had denied commission of the crime and the State was permitted to cross-examine him as to his whereabouts at the time of the crime. Applying a rule similar to the one in this State governing cross-examination of a defendant in a criminal case, the court stated:

"On cross-examination, the prosecution, over objection, was permitted to examine defendant as to his whereabouts on April 4th, the night the car was stolen. This was clearly proper. While Penal Code Section 1323 only permits cross-examination of the defendant 'as to all matters about which he was examined in chief', this does not mean, where the defendant has made a general denial, that the cross-examination is limited precisely to the matters, dates or times mentioned in the direct examination."

California applied much the same reasoning as employed in *Thompson*. Under the rule in *Thompson* the cross-examination was proper.

The judgment is affirmed.

All concur.