STATE of Missouri, Respondent,

v.

**Robert L. FELLOWS, Appellant.**

No. WD 31987.

Missouri Court of Appeals,
Western District.

Dec. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1982.

Application to Transfer Denied
March 16, 1982.

James W. Fletcher, Public Defender and Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Robert L. Fellows was convicted by a jury of the offenses of rape, robbery in the first degree and burglary in the first degree with punishment for the respective crimes set by the jury at terms of 99 years, 15 years and 10 years. The court reduced the sentence for rape to 50 years, followed the jury assessment of punishment for the other two offenses and directed that the terms be served consecutively, thus setting the total term of imprisonment at 75 years.

On this appeal, Fellows complains the trial court erred (1) In permitting the rape victim to testify over objection and contrary to the prohibition of § 491.015, RSMo 1978 [1] that she told her assailant she was a virgin, (2) In submitting the issue of punishment to the jury despite Fellows' motion pursuant to § 557.036.2 asking limitation of jury determination to the issue of guilt alone, and (3) In failing to declare a mistrial because of prejudicial evidence, conduct and argument. Affirmed.

The sufficiency of the evidence not being in question, it is noted that proof of Fellows' guilt included physical evidence placing Fellows in the victim's apartment, eyewitness observation of Fellows leaving the apartment immediately after the offenses and flight and struggle by Fellows to avoid arrest. These fortuitous events are attributable to the fact that, for reasons not disclosed in this record, investigation had focused on Fellows as a suspect of criminal activities and he was under police surveillance. Proof of the three offenses included physical evidence of forced entry into the

1. All statutory references are to RSMo 1978.

apartment, testimony of the victim describing the rape and her delivery of money to the assailant when threatened with a sharp instrument and the ransacking of the apartment contents.

■ Fellows' first point contends the court erred in overruling a defense objection to testimony by the victim as to her plea seeking to dissuade the intruder from concluding his sexual attack. The victim was permitted to recount to the jury what she told the assailant including a statement that although she was 28 years of age, she was without previous sexual experience. Fellows argues that the testimony was prejudicial to him because it engendered exaggerated sympathy for the victim and because evidence of prior sexual conduct by a witness in prosecution for rape is prohibited under § 491.015.

■ In a similar case, *State v. Berry*, 609 S.W.2d 948 (Mo. banc 1980), the defendant complained of testimony by the victim's sister on grounds of relevancy and prejudice. The court there noted that a plea of not guilty places in issue all facts constituting the corpus delicti as well as the defendant's criminal agency. All evidence related to any element of the crime of forcible rape becomes relevant, one of which elements here was the victim's enforced submission. Protestations by the victim in an effort to prevent the assault constitute relevant evidence on this issue and are appropriate for consideration by the jury in the establishment of the corpus delicti. Whether such evidence, even though relevant, is subject to exclusion because prejudicial and inflammatory is a decision left to the sound discretion of the trial judge. *State v. Berry, supra*, 609 S.W.2d at 954.

The limitation of § 491.015 upon evidence of prior sexual conduct of the complaining witness is similarly subject to assessment of relevancy by the trial judge and, under exceptions expressly set out in the statute, relevant evidence on the subject may be received. Among the exceptions, § 491.015.1(3), is evidence of immediate surrounding circumstances of the alleged crime. The victim's outcry and verbal efforts to resist, including such a plea as was made here, do not offend the statute because they constitute part of the res gestae. Moreover, the evidence was not offered to prove the previously chaste character of the victim. Her prior sexual conduct was irrelevant, but the content of her statement was material to show the circumstances under which the sexual attack was pursued. The trial court was correct in admitting the testimony.

Fellows next argues that upon the filing of his motion under § 557.036.2 seeking assessment of punishment by the court, it was error for that issue to have been submitted to the jury. He contends that a new trial and not resentencing is the appropriate relief.

In a prior trial on the same charges, Fellows was convicted and upon proof of the then applicable second offender statute, § 556.280, RSMo 1969, he was sentenced by the court to a term of 80 years. That conviction was reversed on appeal, *State v. Fellows*, 588 S.W.2d 211 (Mo.App.1979), on the ground of unconstitutional jury selection procedures. Before retrial commenced, the state offered to recommend a sentence of 25 years if a guilty plea were entered, but Fellows declined the plea bargain. The record indicates Fellows was advised by his attorney that a second conviction would not subject him to a greater sentence than resulted from the first trial, advice apparently based on the assumption that in the second trial, as in the first, the length of sentence would be determined by the court.

After the state's evidence on retrial was concluded, the defense was informed the state had chosen not to offer evidence of Fellows' prior convictions, thus requiring that sentencing be left to the jury. Before submission, the defense moved under § 557.036.2 for assessment of punishment by the court. Without ruling on the motion, the court included in the verdict directing instructions the question of sentence for each of the three offenses. The assertion of error in this submission was included in Fellows' new trial motion. Although the record fails to indicate any rul-

ing on the presubmission motion by the defense to remove the sentencing issue from the jury's consideration, the ruling on the new trial motion inferentially disposes of the issue and we here assume, as do the parties, that the motion was denied.

 The gist of Fellows' argument concedes the general inapplicability of the 1978 Missouri Criminal Code provisions to offenses committed before January 1, 1979, but contends § 557.036.2 is procedural and must be applied in any case tried after January 1, 1979. Here, the offenses were committed May 29, 1977 and retrial commenced February 25, 1980.

The point has recently been ruled by this court adversely to Fellows' contention. *State v. Carter,* 627 S.W.2d 656 (Mo.App. 1981). Also persuasive as analogous is the decision in *State ex rel. Peach v. Bloom,* 576 S.W.2d 744 (Mo. banc 1979), a case which held the Second Offender Act as it existed prior to 1979 was applicable to all offenses committed before the effective date of the new criminal code. The court there stated: "Section 556.031, subsection 3 shows the clear intent of the General Assembly that the provisions of the law relating to 'proceedings' and 'substance' in effect prior to the code would remain effective and applicable."

Moreover, Fellows makes no attempt to show how he suffered any prejudice as a result of the sentences which the jury determined. Even were it to be assumed that Fellows was entitled to insulation from a prospective sentence exceeding that meted out on his first trial, the court here exercised its authority to reduce the jury sentence for the express purpose of eliminating from the case any issue of vindictive retribution. The record is equally persuasive that the ultimate sentence imposed was court determined and would have been the result had Fellows' motion been sustained.

In his final point, Fellows contends four separate events in the course of the trial suggested to the jury other offenses had been committed by the accused and his re-

quest for a mistrial should have been granted. The first was testimony volunteered by a police officer-witness who stated that the authorities "had developed information on the subject." The second was the presence in the courtroom of eight young women seated together, a circumstance which defense counsel contended created the impression they were personally interested and involved in Fellows' prosecution. The third was the display of two pillowcases removed from an evidence bag. This was asserted to have been suggestive of the term "pillowcase rapist" employed in media accounts of various unsolved rapes. Lastly was comment by the prosecuting attorney in closing argument that Fellows had been out looking for victims.

In the first three instances, either because of the time when objection was raised or because of the nature of the occurrence, the only relief sought was a mistrial. In the matter of closing argument, the objection to the prosecutor's statement was coupled with a request for mistrial. On appeal the issue is limited to the claim that failure to declare a mistrial was error.

 The declaration of a mistrial rests in the sound discretion of the trial court who is in a better position than the reviewing court to evaluate the prejudicial effect of the error claimed. *State v. Dennison,* 428 S.W.2d 573, 577 (Mo.1968). A motion for mistrial seeks extraordinary relief. The necessity for the drastic remedy of a mistrial is a decision to be made in the discretion of the trial court and absent a manifest abuse of that discretion, the appellate court should not interfere. *State v. Hodges,* 586 S.W.2d 420, 425 (Mo.App.1979).

 The record here not only fails to confirm Fellows' claim of entitlement to a mistrial but is of doubtful import on the basic claim that the statements and events conveyed the inference Fellows was implicated in other crimes. The statement by the police officer was spontaneous, it was not enlarged with any detail as to acts or offenses and, more significantly, the fact that Fellows was under observation could

not be avoided because the presence of the officers at the scene of the crime in the early morning hours was attributable to this circumstance alone. The presence of the eight women in the courtroom was at first charged by the defense to have been contrived by the prosecutor, but later inquiry disclosed that the spectators were no more than that and were visitors from a local business college. The pillowcases were included with bed sheets removed from the victim's apartment and were not introduced in evidence pursuant to a prior agreement with defense counsel. There was no display of or comment about the pillowcases which were in a bag containing other evidence recovered from the crime scene. The closing argument was a legitimate reference to the random selection by Fellows of the victim of his assault.

Fellows relies principally on *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954) for his claim that proof of other crimes tainted the state's case and a mistrial was required. In *Reese*, direct evidence was introduced connecting the defendant through the weapon used in the homicide for which he was on trial with a robbery committed some two hours later at a different location. The court held evidence of the robbery to have been inadmissible because it had no legitimate tendency to prove defendant guilty of the homicide. *Reese* has no application here because the incidents about which Fellows complains identified no separate or distinct crime, but at most disclosed to the jury a concern by the police and the community about crimes of sexual assaults in general and a focusing of suspicion on Fellows, for reasons not disclosed or discussed, in the random selection of the victim whose assault prompted this prosecution. The record does not support Fellows' claim that the incidents of which he complains amount to proof that he committed other sex offenses. To the extent that evidence explained the presence of police officers at the scene of Fellows' arrest and demonstrated that the victim was chosen by Fellows in a predatory manner, the proof was logically pertinent and is not to be rejected because it may incidentally

ascribe the inference of other crimes. *State v. Bellew*, 612 S.W.2d 401 (Mo.App.1981).

The judgment is affirmed.

All concur.