STATE of Missouri, Respondent,

v.

Willie TAYLOR, Jr., Appellant.

No. 51675.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 20, 1988.

Application to Transfer Denied
March 15, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury tried case, Willie Taylor, Jr., appeals his conviction of murder in the second degree, in violation of § 565.021 (RSMo.1986), and his sentence, as a prior offender, to a term of life imprisonment.

There are four allegations of error. First, that the trial court erred in overruling defendant's objection to the State's cross-examination of clinical psychologist Dean Lawrence Rosen on the grounds of relevancy and because it was beyond the scope of direct examination. We disagree, since trial courts are vested with considerable discretion in controlling cross-examination, and we cannot here find a clear showing of an abuse of discretion; and cross-examination of a witness is not limited by the scope of direct examination. *State v. Smith*, 534 S.W.2d 604, 610 (Mo.App.W.D. 1976). Second, that the trial court erroneously overruled defendant's objection to the Prosecutor's remarks in closing about the jurors whose relatives had been victims of violence and death because the argument was highly inflammatory. We disagree, because broad discretion rests with the trial court to control closing argument and its ruling is reversible only for an abuse of discretion. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983). Third, that the trial court erred in overruling defendant's motion to modify MAI-CR2d 2.20's definition of proof beyond a reasonable doubt in that it violates due process of law by impermissibly reducing the State's burden of proof. We disagree, because the Supreme Court of Missouri has held that MAI-CR2d 2.20, when read as a whole, is constitutional. *State v. Guinan*, 732 S.W.2d 174, (Mo. banc 1987). Fourth, that the trial court erred in finding defendant a prior offender in that the evidence of identity of names was insufficient to find beyond a reasonable doubt that he was the same Willie Taylor, Jr., named in the file of the prior conviction. We disagree, because evidence of identity of names is prima facie evidence to establish the accused's identification for the purpose of proving a prior conviction. *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.E.D.1979). We affirm.

On June 5, 1985, Officer Corbin was on tri-car duty to enforce parking regulations. Defendant was visiting his sister, who lives on Howard Street in the City of St. Louis. They noticed that a policeman was giving tickets to cars parked on the wrong side of the street. Both went to move their cars, but defendant found that he already had a $4 parking ticket on his white Plymouth Volare. They both went back inside. Defendant told his sister that he did not understand why he got a ticket.

A short time later, Officer Corbin was near the intersection of Elliott and Madison on his tri-car writing a ticket. Witnesses near the intersection stated that they saw a white Plymouth Volare turn from Howard onto Elliott, run the stop sign at Madison, travel down Madison at a fast rate of speed, and ram into the motorcycle. Officer Corbin flew into the air, landed on the hood of a car and spun off onto the street. The driver of the car, identified as defendant, stopped his car and ran to Officer Corbin. Defendant fumbled through Corbin's clothes and kicked him in the head a few times. He, next, returned to his car, obtained his sunglasses, and returned to the officer whereupon he kicked him in the head again. A witness, Henry Perkins, picked up the officer's broken gun from the street and pointed it at the defendant, ordering him to stop. Defendant walked away from the officer's body and was ar-

rested by an arriving policeman. Officer Corbin died as a result of the injuries he received.

On appeal to this court, defendant first claims that the trial court erred in overruling his objection to the State's cross-examination of clinical psychologist Rosen. Defendant specifically alleges that the questions posed to Rosen regarding the results of the Rorschach test and the Minnesota Multiphasic Personality Inventory were irrelevant and outside the scope of the doctor's opinion on direct examination.

Rosen, with considerable experience in evaluating alcoholics, tested defendant on two different days. On direct examination, he testified that he gave a test called Wechsler Adult Intelligence Scale, revised edition (WAIS), to the defendant. It is commonly used to assess intelligence, and defendant had a verbal I.Q. score of 95 and a performance I.Q. of 84. The difference of eleven points indicated to Rosen that there might be diffused brain damage.

On the Digit Symbol Test, Rosen said an average score would be 9, 10, or 11; defendant scored five, which is typical for alcoholics. Defendant was also given the Bender Gestalt Test, which tests visual motor skills; Rosen's findings were consistent with brain damage. Rosen also discussed other tests given defendant, being the Shipley Test, Booklet Category Test, and the Wisconsin Card Sorting Test. Based on these tests, Rosen concluded that defendant had brain damage with mild to moderate impairment.

On cross-examination, Rosen was asked "Did you bring your Rorschach cards with you?" Defendant objected "on the grounds of relevancy" and because it "goes beyond the scope of direct examination." Although defendant asserts error regarding the admission of testimony concerning the Minnesota Multiphasic Personality Inventory, no objection was made at trial to its admission.

A trial court is vested with broad discretion in determining the extent of cross-examination. *State v. Dunn*, 577 S.W.2d 649, 653 (Mo. banc 1979). Cross-examination of a witness may extend to all matters within the fair purview of the direct examination, and may include some collateral matters. *State v. Cutts*, 600 S.W.2d 75, 76 (Mo.App. E.D.1980). And even as to collateral matters, the trial court has a considerable amount of discretion. *State v. Booker*, 631 S.W.2d 854, 857 (Mo.1982).

Here, the defendant presented evidence concerning the results of at least four tests given by Rosen to aid him in evaluating the defendant's condition. This put the condition of the defendant in issue. On cross-examination, further questions were posed to Dr. Rosen, regarding other tests performed on the defendant. These questions related to the diagnosis of the defendant which was in issue. Thus, we cannot say that the questions were irrelevant or that the trial court abused its discretion in overruling defendant's objection.

Cross-examination is not limited to matters brought out on direct examination when a witness is testifying. *State v. West*, 349 Mo. 221, 161 S.W.2d 966, 967 (1942). Section 491.070 RSMo.1986 provides that "a party to a cause, civil or criminal, against whom a witness has been called and given some evidence, shall be entitled to cross-examine said witness (except where a defendant in a criminal case is testifying in his own behalf) on the entire case ..." Thus, the cross-examination was relevant and the trial court did not abuse its discretion in overruling the defendant's objection. *State v. Smith*, 534 S.W.2d 604, 610 (Mo.App.W.D.1976). Appellant's first point is denied.

Appellant's second contention is that the trial court erroneously overruled his objection to the Prosecutor's remarks in closing about the jurors whose relatives had been victims of violence and death because the argument was highly inflammatory. Defendant specifically claims that the Prosecutor was appealing to personal experience rather than to the evidence or necessity for law enforcement.

A trial court is given broad discretion in controlling closing argument and we can only reverse for an abuse of discretion where the argument is plainly unwarrant-

ed. *State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983). Also, trial counsel is allowed wide latitude in their summaries. *Id.* at 506. It has been consistently recognized that a prosecutor can argue on the prevalence of crime, the necessity for law enforcement, the evil results that will flow to society from the failure of the jury to do its duty, and such pleas may call upon common experience. *State v. Newlon,* 627 S.W.2d 606, 619 (Mo. banc 1982); see also, *State v. Heinrich,* 492 S.W.2d 109, 114 (Mo.App.W.D.1973).

Here, the prosecutor, in the closing portion of his argument to the jury, said:

> When we were choosing you back in the first three days, Mrs. Leisenring herself commented on how much death and violence that we've heard just happened to forty people that we talked to. My cousin was, my uncle was that, my brother was this and that doesn't have to be brought home to you all, you live here, and you know—you know some of our problems. One gentleman sitting in the third row on voir dire said my, I think it was his, well, his cousin or his nephew was killed—.

The defendant objected that "this is improper comment for closing argument, its not testimony in the case"; the objection was overruled. We cannot say that the remarks were improper or that the argument goes improperly beyond a general statement about the prevalence of crime and the need for law enforcement. Even if it were suspect, a conviction will be reversed for improper argument only where it is established that the complained of statement had a decisive effect on the jury's determination. *State v. Sanders,* 714 S.W.2d 578, 590 (Mo.App.E.D.1986). Here, there was ample evidence upon which the jury could find defendant guilty. Appellant's second point is denied.

■ Third, defendant claims that the trial court erred in overruling his motion to modify MAI–CR 2d 2.20's definition of proof beyond a reasonable doubt because it violates due process of law by reducing the State's burden of proof. Defendant argues that the definition of proof beyond a rea-sonable doubt in MAI–CR 2d 2.20 resembles a civil burden of proof rather than a criminal burden of proof.

The Supreme Court has specifically rejected the argument that MAI–CR 2d 2.20 unconstitutionally diminishes the meaning of reasonable doubt. *State v. Guinan,* 732 S.W.2d 174, (Mo. banc 1987). The Supreme Court stated that MAI–CR 2d 2.20, when read in its entirety, "properly instruct[s] the jury upon the standard which they are to use in determining the defendant's guilt or innocence." *Id.* at 178; see also *State v. Pendergrass,* 726 S.W.2d 831, (Mo.App.S.D. 1987) (Maus, J., concurring). Appellant's third point is denied.

■ Appellant's fourth issue is that the trial court erred by finding him to be a prior offender in that the evidence of identity of name was insufficient to find beyond a reasonable doubt that he was the same Willie Taylor, Jr., named in the file of the prior conviction.

In Missouri, the law is clear that identity of names is prima facie evidence to establish the defendant's identification for the purpose of showing a prior conviction to establish that the defendant is a "prior offender" as defined in § 558.016.2 RSMo. 1986. *State v. Morris,* 591 S.W.2d 165, 169 (Mo.App.E.D.1979); see also, *State v. Cook,* 463 S.W.2d 863, 868 (Mo.1971). The defendant was entitled to present evidence to rebut this presumption, but no evidence was presented. *State v. McKinney,* 718 S.W.2d 583, 586 (Mo.App.E.D.1986). Thus, we hold that the trial court did not err in finding defendant to be a prior offender. Appellant's fourth point is denied.

Affirmed.

SIMON, P.J., and CRANDALL, J., concur.