**Ralph CHILDRESS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 56111.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

A jury convicted movant of first degree robbery and the court sentenced him to life

imprisonment. A statement of the facts of the crime can be found in our opinion on direct appeal wherein we affirmed his conviction. *State v. Childress*, 698 S.W.2d 612 (Mo.App.1985).

Movant filed a pro se Rule 29.15 motion which was amended by appointed counsel. He made numerous allegations of ineffectiveness of trial counsel and of prosecutorial misconduct. Movant and trial counsel testified at the evidentiary hearing. After the hearing, the court entered detailed and extensive findings of fact and conclusions of law denying the motion.

On appeal movant contends

[t]he hearing court clearly erred in denying [movant's] motion ... because [counsel was ineffective for 1)] failing to contact, interview, and call to testify, or to seek a continuance to locate, crucial defense witness Lovey Kimberly Ransom, who could have testified to specific acts of brutality employed by police officers to obtain her statement implicating [movant] and others in the charged robbery, which prejudiced [movant] by denying him evidence which would have substantiated his claim that his confession was obtained through police brutality, and ... [2)] failing to explain to [movant] that his testimony at the motion to suppress hearing was essential to the determination [of] whether [movant's] confession was coerced....

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

The portions of the motion court's findings and conclusions relevant to movant's contentions on appeal follow:

This Court finds from the testimony adduced at the hearing that Ms. Ransom could not be located at the time of the trial. In addition the Court finds credi-

ble [counsel's] statement that he would not have called Ms. Ransom as a witness even if he could have found her.

... This Court finds that there is no allegation or evidence that Ms. Ransom could have been found even if a continuance had been requested.... There is no evidence that this Court would have granted a continuance even if it had been requested.

. . . .

... At the hearing movant testified that he and [counsel] discussed the possibilities of movant's testifying even to the extent that [counsel] asked him "What if I ask you this ...?" This Court finds credible [counsel's] testimony regarding the decision not to have movant testify [at the hearing on the motion to suppress his confession].

. . . .

... Movant has failed to carry his burden of showing by a preponderance of credible evidence that counsel was ineffective. Neither has movant shown that he has been denied a fair trial.

. . . .

There is a presumption that trial counsel is competent.... The Court having reviewed the evidence, including the testimony of movant and ... his trial attorney offered at the hearing on the [29.15] motion, finds that this presumption has not been rebutted.

The principles of law which follow guide our resolution of this appeal.

■ The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show 1) counsel's performance was deficient and 2) the deficient performance prejudiced his

defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. Every effort should be made to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson,* 719 S.W.2d at 915, *citing Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065.

If counsel's conduct is found not to meet the proper standard, a movant still must show that the error had an adverse effect on the defense, that is, any deficiencies must be prejudicial. The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland,* 466 U.S. at 691–96, 104 S.Ct. at 2066–69; *Richardson,* 719 S.W.2d at 915–16.

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson,* 719 S.W.2d at 915,

*citing Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State,* 671 S.W.2d 787, 788 (Mo.App.1983). When an ineffective assistance of counsel claim is based on an alleged failure to investigate, a movant must allege the specific information that counsel failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App. 1987).

A decision not to call a witness to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987).

Counsel testified at the evidentiary hearing that he was unable to find Ms. Ransom. He said that as a matter of trial strategy he would not have put her on the stand, and specified his reasons. Ms. Ransom was endorsed by the state as a witness at trial. The prosecutor stated, at trial, that he had been unable to locate her. In addition, movant used an affidavit by Ms. Ransom, whereby she recanted her statements to the police implicating movant, at trial. The affidavit was passed to the jury for its inspection. Thus, movant had the benefit of her testimony, without cross-examination. While movant did not testify at his suppression hearing, he did testify at trial where he had the opportunity to fully express his version of how the police obtained his confession. The motion court's findings and conclusions are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.