**STATE of Missouri, Respondent,**

v.

**Frederick L. MACK, Appellant.**

**No. WD 42105.**

Missouri Court of Appeals,
Western District.

May 8, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Sean D. O'Brien, Public Defender, Leon M. Munday, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Frederick L. Mack, appeals his conviction, after trial by jury, for possession of a controlled substance, cocaine, in violation of § 195.020, RSMo 1986. Appellant was sentenced to nine years' imprisonment. Viewed in the light most favorable to the verdict the evidence at trial was as stated hereafter.

On April 19, 1988, Police Officers Rose Mitchell and Brian Roach were driving in their patrol car when they observed a yellow Cadillac crossing back and forth over the center yellow line. The Cadillac rolled through a stop sign and the officers turned on their lights and siren to stop the vehicle. The Cadillac slowed down and a passenger, later identified to be the appellant, exited the car. Appellant dropped a clear bag on the ground as he exited the car and he continued to walk away.

Officer Roach got out of the patrol car and apprehended appellant while Officer Mitchell pulled over the Cadillac. The driver of the Cadillac, a man later identified as Johnny Strange, ran from the car. The bag that appellant dropped was recovered and an analysis of the contents revealed that it contained cocaine.

In his first point appellant argues that the trial court erred in denying his motion for a mistrial when Officer Mitchell testified that she knew the driver of the Cadillac, Johnny Strange, from his involvement in drug activities.

The declaration of a mistrial is a drastic remedy, and the power of the trial court in this respect should be exercised only in extraordinary circumstances. *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). Because the trial court has observed the incident giving rise to the request for a mistrial and it is in a better position than an appellate court to evaluate its prejudicial effect, appellate court review extends only to determining whether, as a matter of law, the trial court abused its discretion in not declaring a mistrial. *Id.* When a witness volunteers an inadmissible statement, the trial court must exercise its discretion to determine how best to cure the harm done and should endeavor to cure the harm by admonition to the jury or other remedy less drastic than mistrial. *State v. Christensen*, 720 S.W.2d 738, 739–40 (Mo.App.1986).

In the case at bar, appellant filed a pretrial motion in limine to exclude any evidence that Johnny Strange was a drug dealer. The prosecutor agreed that he would not attempt to present evidence that Johnny Strange was a drug dealer. Then at trial when the prosecutor was questioning Officer Mitchell about who was driving the Cadillac, the following occurred:

Q And who was it?

A Johnny Strange.

Q And how did you know Johnny Strange?

A On previous occasions. He was known for drug activities—

MR. MUNDAY: Objection, Your Honor.

THE COURT: Sustained.

Defense counsel then requested a mistrial and the court conducted a conference with the attorneys outside the presence of the jury. The prosecutor advised the court that he had warned Officer Mitchell not to mention Johnny Strange's drug history.

The prosecutor stated that he was surprised by the testimony. The court found that Officer Mitchell's volunteered statement was inadvertent and overruled appellant's request for a mistrial. The jury was returned and instructed by the court to "disregard the last response by Officer Mitchell."

Given the circumstances herein the court did not abuse its discretion in refusing to grant a mistrial. The court found Officer Mitchell's statement to have been voluntary and inadvertent. The statement was brief and appellant's objection to the statement was sustained with the jury being advised to disregard the statement. Furthermore, Officer Mitchell's testimony made no reference to appellant being involved in any past criminal activity.

The fact that Officer Mitchell's testimony was contrary to the court's ruling on appellant's motion in limine does not require the declaration of a mistrial. *State v. Blaylock*, 705 S.W.2d 30, 35 (Mo.App.1985). Officer Mitchell's testimony was inappropriate and unprofessional given the court's ruling on appellant's motion in limine and the prosecutor's warning pursuant thereto, but the matter nevertheless rested within the sound discretion of the trial court.

Appellant's first point is denied.

In the second of appellant's points addressed herein appellant argues that the prosecutor's cross-examination of him was improper because it elicited evidence of prior criminal acts.

At trial appellant took the stand in his own defense and denied that he possessed cocaine. Appellant stated on direct examination that he did not have anything in his hand when he exited the car and that he did not throw or drop anything to the ground. Appellant also testified that he saw one of the officers pick something up at the scene where he was arrested.

During cross-examination, the prosecutor asked appellant to describe the bag the Officer picked up and appellant said that he could not tell what it was. Appellant also could not tell if state's exhibit three, the bag of cocaine seized at the crime scene,

was what he saw the officer pick up. Later on the following exchange occurred, between the prosecutor and appellant, over appellant's objection on the basis that the testimony constituted evidence of other crimes and was irrelevant:

Q   Mr. Mack, I believe the last question I asked you was, I'm going to show you what's been marked State's exhibit number three. And you know you've heard from the testimony here today that this was recovered over on Woodland area on that date; is that right? You heard that testimony?

A   Yes, I did.

Q   Okay. Can you tell us whether or not that's crack cocaine?

A   It appears to be.

Q   And how do you know that's crack cocaine?

A   Because I used to smoke it. I have smoked it.

Q   I'm sorry?

A   I have smoked it before.

Q   In the past?

A   In the past. Yeah.

Although evidence of other crimes is generally inadmissible, such evidence is admissible to prove the crime charged when it tends to establish motive, intent, the absence of mistake or accident, common scheme or plan or identity. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). If proof of other crimes tends to show intent in a present instance, that proof is admissible. *State v. Rose*, 727 S.W.2d 919, 921 (Mo. App.1987).

In the case at bar appellant took the witness stand and denied that he possessed cocaine. To convict under § 195.020, the State must prove beyond a reasonable doubt that the defendant (1) possessed a controlled substance, (2) knew that he pos-

sessed it, and (3) was aware of its nature and character. MAI–CR3d 332.06.2.

Appellant offered an innocent explanation of his being in the car with Johnny Strange and exiting the car under the circumstances in which he did. Appellant's knowledge of cocaine and prior use was relevant to establish the elements of the charge against him in the State's effort to counter his proffered lack of knowledge or intent.

Appellant's allegation of error for the prosecutor being allowed to elicit evidence of prior criminal acts is denied.

In another of his points appellant argues that the trial court erred in allowing the prosecutor to cross-examine him beyond the permissible scope of cross-examination. Appellant complains here of the same testimony as addressed in the second point herein.

Although appellant argues in his brief that the prosecutor's questions exceeded the scope of direct examination, his objection at trial was on relevancy and improper evidence of other crime grounds.[1]

An appellant may not broaden or change his objection raised at trial on appeal. *State v. Matthews*, 748 S.W.2d 896, 898 (Mo.App.1988). However, this point will be reviewed ex gratia for plain error.

Under the plain error standard of review, the plain error complained of must impact so substantially upon the rights of a defendant that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). The burden of demonstrating that the action of the trial court resulted in manifest injustice is allocated to the defendant. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

---

1. Appellant also argues in his brief that he objected to the testimony on the basis of the defendant's fifth amendment right not to be compelled to be a witness against himself. The record reflects that appellant's counsel discussed the possibility of appellant invoking the fifth amendment but stated that he would advise appellant against invoking the fifth amendment in front of the jury. Appellant did not invoke the fifth amendment when questioned by the prosecutor and thus no objection as to appellant being required to testify in violation of his fifth amendment rights is presented herein.

A trial court is vested with broad discretion in determining the extent of cross-examination. *State v. Taylor*, 745 S.W.2d 173, 175 (Mo.App.1987). Whether an error has occurred during cross-examination must be decided on a case-by-case basis. *State v. Caldwell*, 698 S.W.2d 566, 571–72 (Mo.App.1985). Cross-examination may extend to all matters within the fair purview of direct examination. *State v. Taylor*, 745 S.W.2d at 175.

For the reasons stated in the second of appellant's points addressed herein, there was no error, plain or otherwise, in the prosecutor's cross-examination as appellant now complains.

Appellant's fourth point is that the trial court erred in permitting expert testimony, over his objection, as to the value of the seized cocaine and the number of doses that could be obtained from it.

Evidence as to the value of drugs a defendant is charged with possessing is relevant to show that a defendant knowingly and intentionally possessed the drugs. *State v. Witt*, 685 S.W.2d 266, 271 (Mo.App.1985); *State v. Lowrance*, 619 S.W.2d 354, 356–57 (Mo.App.1981). Appellant's fourth point is denied.

In his fifth and final point appellant argues that this cause should be remanded for resentencing because his sentence exceeds the statutory maximum.

Appellant was charged by way of information with the offense of possession of a controlled substance, cocaine, in violation of § 195.020, RSMo 1986. At the time of appellant's trial, a violation of § 195.020, RSMo 1986, was punishable by a term of imprisonment of not more than twenty years pursuant to § 195.200.1(1), RSMo 1986.

After appellant was sentenced, the Missouri General Assembly adopted the Comprehensive Drug Control Act of 1989, codified at §§ 195.005 to 195.425, RSMo Supp. 1989. Provisions of the act pertinent to this case became effective on August 28, 1989.

The Comprehensive Drug Control Act repealed §§ 195.020 and 195.200, RSMo 1986.

In their place, § 195.202, RSMo Cum.Supp. 1989, was adopted making possession of a controlled substance except thirty-five grams or less of marijuana a class C felony. The maximum term of imprisonment for a class C felony is seven years. § 558.011.1(3), RSMo 1986.

Section 1.160(2), RSMo 1986, provides that a defendant should benefit from an amending statute which reduces the penalty for the crime for which he was convicted. Section 1.160(2), RSMo 1986, is applicable when the penalty for a crime is reduced while a defendant's conviction is on appeal. *State v. Pena*, 784 S.W.2d 883, 889 (Mo. App.1990); *Hamil v. State*, 778 S.W.2d 247, 249–50 (Mo.App.1989).

Appellant is entitled to receive the benefit of the reduction in the maximum sentence for possession of the controlled substance cocaine to seven years. This cause is remanded with direction that appellant's sentence be modified to conform with this opinion. In all other regards, appellant's conviction is affirmed.

All concur.