**STATE of Missouri, Respondent,**

**v.**

**George HALL, aka, Frank Shumate, Appellants,**

**George HALL, aka, Frank Shumate, Appellants,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 57093, 58773.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 24, 1992.

Application to Transfer Denied
June 2, 1992.

**Rita Frances WARD, f/k/a Gassner, Plaintiff–Appellant,**

**v.**

**Gregory Francis LEBER, Sr., Defendant–Respondent.**

**No. 59821.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 24, 1992.

Application to Transfer Denied
June 2, 1992.

Rita Frances Ward, pro se.

## ORDER

Deborah B. Wafer, St. Louis, for appellants.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

A jury convicted defendant of unlawful possession of a concealable firearm. § 571.070 RSMo 1986. He was charged "as a fugitive from justice" who had a concealable firearm in his possession. § 571.070.1(2). The trial court sentenced him as a prior and persistent offender to fifteen years imprisonment. Defendant appeals from his conviction and sentence and from the denial of his Rule 29.15 motion. We affirm.

Defendant does not challenge the sufficiency of the evidence. According to the State's evidence, he was arrested as he stood beside a car in which he had been a passenger. At trial, the prosecutor twice referred to the car as a "stolen car". Defendant contends that either one of these references was inadmissible evidence of uncharged criminal misconduct, and, therefore, either one or both references prejudiced him.

We disagree. Considered in their trial context, neither one of these references prejudiced defendant.

Defendant filed a pre-trial motion in limine requesting the court to prohibit the prosecutor from referring to the car in question as being stolen. The court reserved its ruling on the motion but cau-

tioned the prosecutor to obtain its approval before making any reference at trial to the car as being stolen.

At trial, the State's evidence showed that, in February 1988, defendant was a passenger in a car stopped for a traffic violation by St. Louis Police Officers William Swiderski and Daniel Cole. The driver of the car, Gerald Blackwood, pulled to the curb and stopped. Defendant exited the car and stood on the sidewalk. Officer Swiderski exited the police car, approached defendant and noticed what appeared to be the outline of a gun in the waistband of defendant's pants. For his own and Officer Cole's safety, Swiderski conducted a "pat-down" search of defendant. Swiderski retrieved a fully loaded .357 magnum revolver from underneath defendant's waistband. Swiderski immediately advised defendant of his rights and then arrested him. At the police station, defendant admitted he owned the revolver.

Defendant testified on his own behalf. He contradicted the officers' testimony on several facts. According to defendant, after the car he was in stopped, Officer Swiderski came to the passenger side of the car, tapped on the window and asked defendant to get out. After defendant exited the car, Swiderski conducted a "pat-down" search but found nothing. Officer Cole found a red canvas bag on the rear floor board of the car, opened the bag and took the .357 magnum out of it.

During the direct examination of Officer Cole, the following exchange took place:

Q: This statement that the defendant made about the gun, what questions had you asked him? Were you interviewing him ...?

A: Yes. My first question was about the car, if he knew it was stolen.

[Defense Counsel]: Your Honor, I'll object and may we approach the bench.

At the bench, defense counsel requested a mistrial. In response, the prosecutor said he did not ask the question to elicit the response Cole made and he had warned Cole not to refer to the car as being stolen. The court denied defendant's request for a mistrial and gave the following curative instruction to the jury:

THE COURT: Ladies and gentlemen of the jury, please disregard the last statement made by the officer. You may proceed.

Defendant contends the denial of his request for a mistrial was prejudicial error. We disagree.

■ For our purposes here, we will assume the reference to a stolen car was an improper reference to an uncharged crime. *See e.g. State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). However, a mistrial should be granted only in extraordinary circumstances, *e.g., State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986), and the circumstances here were not that extraordinary.

■ When a state's witness volunteers an unresponsive reference to the defendant's involvement in an unrelated crime, we consider the following factors in determining the prejudicial effect of that reference: "the promptness of the trial court's action in directing the jury to disregard, the offensiveness of the conduct referred to, and the isolated nature of the statement, as well as the lack of any evidence that the state connived in any fashion to permit the testimony to come in." *State v. Jackson*, 657 S.W.2d 44, 46 (Mo.App.1983); *see State v. Gilmore*, 681 S.W.2d 934, 942–43 (Mo. banc 1984).

■ Here, there is no indication the prosecutor manipulated the witness to obtain the response in question. To the contrary, the prosecutor stated he had attempted to design his inquiry to avoid any reference to a stolen car; verbatim, he said:

"... I asked [Cole] specifically did [defendant] make any statement concerning ..., the gun, and I told the officers earlier that [defense counsel] had certain motions about the stolen car, about the property that was found in the car, and that's why I asked specifically in reference to the gun so that they wouldn't make any reference."

Moreover, after a short bench conference, the court instructed the jury to disregard Cole's response. The prosecutor did not attempt to use the response nor to emphasize it. After the court's curative instruction, his next question inquired into a different subject. In this context, the trial court did not abuse its discretion in giving a curative instruction rather than granting a mistrial. *E.g. State v. Mack*, 793 S.W.2d 362, 364 (Mo.App.1990).

■ The prosecutor again referred to the car being stolen during his cross-examination of defendant. Out of the hearing of the jury and prior to his cross-examination of defendant, the prosecutor said he intended to ask defendant whether he "knew the car was stolen" in order to show defendant's "motive" for exiting the car immediately after it was stopped. He said:

> Judge, the defendant has testified that he did not get out of the car when the police arrived, the police officers testified that he did get out of the car. I would question him concerning the fact that the car is or was stolen as well as ... the property to show he would have a motive to get out of the car, a stolen car and a car full of stolen property.

"[O]n that basis", the court permitted the prosecutor to ask defendant whether he knew that the car was stolen.

On appeal, defendant contends that his knowledge about the status of the car had no probative value and the sole purpose of this inquiry was to discredit defendant by linking him to a stolen car. The State responds with the argument it used at trial—defendant's knowledge that the car was stolen shows his motive for jumping out of the car and, in turn, rebuts his testimony that he exited the car only in response to Officer Swiderski's request.

Defendant failed to raise this issue in his motion for a new trial and, therefore, did not preserve it for review. *State v. Bradshaw*, 779 S.W.2d 617, 619 (Mo.App.1989). We consider the issue, however, under the plain error doctrine, Rule 30.20; *State v. Gardner*, 741 S.W.2d 1 (Mo. banc 1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988), and find no plain error occurred.

The State justifies its cross-examination as showing defendant's "motive" for jumping out of the car. Apparently, the State uses this justification to squeeze its conduct into one of exceptions to the general prohibition against the admission of evidence of uncharged criminal misconduct. *See, e.g. Mallett*, 732 S.W.2d at 534; *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). To be sure, evidence of uncharged criminal misconduct which shows "motive" may be admissible. But, the admissibility of this evidence is justified because, by showing "motive", it has logical relevance independent of the possible implication that the defendant committed the crime charged simply because he engaged in unrelated criminal misconduct. *Mallett, supra; State v. Brooks*, 810 S.W.2d 627, 629–630 (Mo.App.1991). The "motive" referred to in this exception, however, is the "motive" for the defendant's engaging in the criminal conduct with which he was charged. *E.g. Brooks, supra*. Here, the State did not attempt to use defendant's possible knowledge that the car was stolen for that purpose; rather it used defendant's knowledge to impeach his credibility on his collateral conduct—why, when and how defendant exited the car. If defendant's knowledge had any relevance, it could only be relevant for that purpose. Moreover, why defendant knowing the car was stolen makes it more probable that he exited the car on his own volition rather than being ordered out of it is not readily apparent. But, even if this admission of the reference to the car being stolen was error, it did not, on this record, result in "manifest injustice or miscarriage of justice." Rule 29.12(b).

When defendant was asked whether he knew the car was stolen, he answered: "No". His answer was not rebutted. Moreover, the question did not imply he was the culprit who stole the car. In addition, there was uncontroverted evidence that, at the time of this incident, defendant was a fugitive from the Florida Department of Corrections.

Furthermore, and more important, there was uncontroverted evidence that defendant was the perpetrator of a number of unrelated, uncharged crimes. The State proved and defendant admitted he had been convicted of a previous escape from the Florida Department of Corrections. This carried the unassailable implication that defendant had been convicted of a prior crime for which he was serving a sentence at the time of that escape. This constituted proof of two crimes not related to the crime charged. Defendant also admitted that he had been convicted of the crime of threatening the life of a President. If the jury were to convict defendant because of an uncharged crime rather than his conduct in this incident, it had ample admissible evidence to do so, and the reference to a stolen car in this context cannot sensibly be said to have created "manifest injustice or [a] miscarriage of justice."

### Rule 29.15 Motion

█ The .357 caliber revolver, the weapon in issue, was not the only weapon seized by the police officers. Officer Cole seized a loaded .38 caliber revolver he found under the driver's seat of the car. Both he and Officer Swiderski testified to this fact at trial without objection. In addition, defense counsel cross-examined Cole about his seizure of this revolver.

In his Rule 29.15 motion before the motion court, defendant contended his trial counsel was ineffective because she failed to file a motion in limine to exclude the evidence that a .38 caliber revolver was also found in the car and she failed to object to its admission at trial. This evidence, defendant argued, was inadmissible evidence of unrelated criminal misconduct which prejudiced him.

At the motion hearing, defendant's trial counsel justified her conduct on two grounds. First, evidence of the .38 caliber being in the car was not inadmissible. Second, this evidence bolstered defendant's defense that he was not carrying the .357 magnum. The location of the .38 caliber under the driver's seat, she reasoned, would tend to show that the gun belonged to the driver, Gerald Blackwood; this, in turn, would make more plausible defendant's testimony that the .357 magnum was found in a bag in the back of the car that Blackwood was driving and was not found on defendant.

In denying defendant's motion, the motion court agreed with defense counsel's legal reasoning in her first ground and concluded her reasoning in her second ground justified her trial strategy. We do not address the first ground, *see, e.g. State v. Beck*, 745 S.W.2d 205, 208 (Mo.App. 1987); *State v. Williams*, 543 S.W.2d 563, 565–66 (Mo.App.1976), and we find the motion court's ruling on the second ground was not clearly erroneous.

Forceful argument can be made that defense counsel should have attempted to exclude the evidence of a second gun. Defendant's only possible defense was that the police officers were lying. The officers found two men in a car referred to as being stolen. By excluding evidence of the second gun, there remains only the one gun with two men. One gun between two men raises some doubt of ownership of that gun and, thus, bolsters defendant's explanation that the gun was found in a bag in the back of the car and not on him.

But, defense counsel's strategy for discrediting the police officers was no less reasonable. Throughout the trial and in closing argument, her defense was that the officers found two guns in the car, and, faced with doubtful ownership of each gun, the officers resolved the doubt with a fine, even-handed—charge each man with possession of one gun. Blackwood was, in fact, charged with possession of the other gun.

The motion court was required to determine whether counsel's strategy was reasonable. *Childress v. State*, 778 S.W.2d 3, 6 (Mo.App.1989). In doing so, it was required "to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct." *Id.* The motion court and we may have chosen to defend defendant differently. Neither that court nor we, however, find defense counsel's

method of defense so unreasonable that it constitutes ineffective assistance of counsel. And, we certainly cannot find the trial court's determination to be "clearly erroneous." Rule 29.15(j); *State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990); *Brown v. State*, 785 S.W.2d 759, 761 (Mo.App.1990).

Judgments affirmed.

SMITH, P.J., and CARL R. GAERTNER, C.J., concur.