**STATE of Missouri, Plaintiff–Respondent,**

v.

**William Eric WALLS, Defendant–Appellant.**

**William Eric WALLS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 18904, 20062.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 22, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

A jury convicted William Eric Walls (Defendant) of first degree assault and armed criminal action in violation of §§ 565.050 and 571.015, RSMo 1994, and he was sentenced to consecutive terms of imprisonment of thirty and fifty years as a prior and dangerous offender. He appeals those convictions in Case No. 18904.

Defendant subsequently filed a motion seeking postconviction relief pursuant to Rule 29.15, V.A.M.R., which was denied after an evidentiary hearing. His appeal from that denial is Case No. 20062, which was duly consolidated with Case No. 18904. Defendant's brief, however, assigns no error concerning the motion court's denial of his 29.15 motion and his appeal from that ruling is deemed abandoned. *State v. Bedell,* 890 S.W.2d 702, 706 (Mo.App.S.D.1995). Therefore, Case No. 20062 is dismissed.

In his sole allegation of error in Case No. 18904, Defendant contends that the trial court erred in not declaring a mistrial when a police officer made a statement during his testimony which improperly suggested that Defendant had committed other crimes or bad acts. We affirm.

On October 24, 1992, Officer Richard Counts of the Springfield Police Department, along with several other officers, was conducting undercover surveillance of Defendant, as an armed robbery suspect. The officer was parked in an unmarked vehicle when he saw another car approach from the opposite direction at a slow speed. In an effort to avoid detection, the officer laid his seat back. After a few seconds he raised up to find the other vehicle next to his, and

recognized Defendant as a passenger in the other car. The vehicle proceeded past the officer a few feet and stopped, at which time Defendant got out with a handgun and approached the rear of the officer's car. As Officer Counts started to pull away in his car, he saw Defendant raise the gun and fire at him. The officer then made a U-turn, got out of his car, and fired a shotgun at Defendant. Defendant was eventually arrested at a friend's house after being pursued from the scene by Officer Mark Deeds, who was also a part of the surveillance team.

Prior to trial, Defendant filed motions in limine seeking to exclude evidence that he was the subject of the surveillance operation and that he had committed or was under investigation for armed robberies. The motions were sustained by the trial court when the prosecutor announced that he and defense counsel had agreed that no mention would be made of those matters unless Defendant "opens the door." It was stated at the time that the State's witnesses would testify that they were conducting surveillance but had been instructed not to identify the subject.

During the State's direct examination of Officer Deeds, the following occurred:

Q: I call your attention to about 10:00 o'clock and what were you doing about that time?

A: I was assigned to a surveillance team, following—surveilling an armed robbery suspect.

Q: And where was this located?

A: The initial surveillance began in the area of the Quick Pantry Market located on East Division by Rogers and Division.

Q: And then what happened, where did it move if it did?

A: The surveillance—we picked up an individual—we began watching an individual in a car. We were attempting to identify the person being an Eric Walls. We began following that vehicle—

[Defendant's counsel]: Objection, Your Honor. May we approach?

The Court: Yes, sir.

Then, out of the hearing of the jury, the following occurred:

[Defendant's counsel]: Your Honor, we—subject to the motion in limine that the

Court earlier ruled upon regarding surveillance has been [sic] violated by Officer Deeds' testimony. I know it was unintentionally, [sic] but I think the damage has been done. I don't think that an admonition to disregard would correct the damage.

The Court: So what relief do you want?

[Defendant's counsel]: Ask for a mistrial, Your Honor.

The Court: That's denied.

[Prosecuting Attorney]: Judge, I don't know of any other—I don't know, do you want him to tell them to disregard the fact—I think that would cause—

[Defendant's Counsel]: I stand on the judge's ruling.

■ Defendant contends that the trial court erred in failing to declare a mistrial, arguing that the statement by the officer was an impermissible reference to other crimes and bad acts. He relies on the general rule that a criminal defendant has the right to be tried only for the crime with which he is charged, and evidence of unrelated crimes is generally inadmissible unless it has a legitimate tendency to establish the defendant's guilt. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982). *See also State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). In *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993), the court held that generally evidence of prior uncharged misconduct is inadmissible to show the propensity of the defendant to commit such crimes, unless it falls within certain exceptions recognized as being logically relevant because of a legitimate tendency to establish the accused's guilt of the charges for which he is on trial. The State does not seek to justify the officer's comment under any of those exceptions.

■ The only relief requested by Defendant was that of a mistrial. The declaration of a mistrial is a drastic remedy and should be used only in those circumstances when the incident is so grievous that the prejudicial effect can be removed no other way. *State v. Parker*, 476 S.W.2d 513, 515–16 (Mo.1972); *State v. Hill*, 614 S.W.2d 744, 752 (Mo.App. S.D.1981). Whether a matter is so prejudicial as to require a mistrial is a determina-

tion to be made by the trial court in the sound exercise of its discretion. *State v. Jackson*, 836 S.W.2d 1, 6 (Mo.App.E.D.1992). Appellate courts are loathe to reverse judgments for failure to declare a mistrial unless they are convinced that the trial court abused its discretion as a matter of law in refusing to do so. *State v. Crawford*, 619 S.W.2d 735, 740 (Mo.1981). When the evidence of Defendant's guilt is strong, it is even less likely that the trial court will be found to have abused its discretion. *State v. Lumpkin*, 850 S.W.2d 388, 393 (Mo.App.W.D. 1993).

■ Unresponsive voluntary testimony that indicates an accused was involved in offenses other than the one for which he is on trial does not always mandate a mistrial. *State v. Varvera*, 897 S.W.2d 198, 201 (Mo. App.S.D.1995); *State v. Miller*, 680 S.W.2d 253, 255 (Mo.App.E.D.1984). In the instant case, the comment in question was spontaneous, brief, isolated, vague and was not enlarged with any detail as to Defendant's involvement. *See State v. Varvera*, 897 S.W.2d at 201; *State v. Fellows*, 629 S.W.2d 613, 616 (Mo.App.W.D.1981); *State v. Hill*, 614 S.W.2d at 752. It did not "clearly show that Defendant had earlier committed a crime, had been accused or charged with criminal offenses, or had been definitely associated with violating any criminal law." *State v. Varvera*, 897 S.W.2d at 201. It has been held that evidence that a defendant was under surveillance when arrested explains the presence of the officers at the scene of the crime, and "was logically pertinent and is not to be rejected because it may incidentally ascribe the inference of other crimes." *State v. Fellows*, 629 S.W.2d at 617.

Even if the comment was improper, in the instant case there was no indication that the prosecutor made a conscious effort to inject a reference to other crimes through Officer Deeds' comments. *See State v. Crawford*, 619 S.W.2d at 740. To the contrary, the prosecutor stated that he instructed his witnesses not to disclose Defendant's identity as the subject of the surveillance, and defense counsel admitted that he believed the officer's comment to be unintentional.

The fact that Officer Deeds' testimony was contrary to the court's ruling on the motions

in limine does not necessarily require a mistrial. *State v. Mack,* 793 S.W.2d 362, 364 (Mo.App.W.D.1990). Although violation of such a ruling is inappropriate and is not to be condoned, the relief it requires rests within the sound discretion of the trial court and is reviewable on that basis. *Id.*

Further, on direct examination, Defendant admitted that he had been previously convicted of second degree robbery and misdemeanor stealing, as well as several other misdemeanors, and on cross-examination, he admitted convictions for assault, resisting arrest, possession of a controlled substance, receiving stolen property, tampering and making a false declaration. Even if the trial court's ruling was improper, Defendant himself " 'reached back and wiped the purported basis for his motion for a mistrial clean of any prejudice' by taking the stand and testifying" that he had prior convictions. *State v. Crawford,* 619 S.W.2d at 740 (quoting *State v. McMillan,* 593 S.W.2d 629, 633 (Mo.App.S.D. 1980).

■ It is the duty of the trial court, who has observed the testimony and is in a better position than an appellate court, to evaluate the prejudicial effect, if any. *State v. Charles,* 542 S.W.2d 606, 611 (Mo.App.W.D. 1976); *State v. Parker,* 476 S.W.2d at 516. The trial court, having seen the incident, could judge the impact on a jury. *See State v. Jackson,* 836 S.W.2d at 6. No request was made by defense counsel to have the jury instructed to disregard the objectionable statement. Instead, he limited the relief sought to that of a mistrial, and therefore did not request consideration of less drastic corrective action. *See State v. Cuckovich,* 485 S.W.2d 16, 24 (Mo. banc 1972). The fact that Defendant sought no relief other than a mistrial cannot aid him. *State v. Hill,* 614 S.W.2d at 752. We find no abuse of discretion in the trial court's denial of Defendant's request for a mistrial.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.