**6** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

STATE of Missouri, Respondent,

v.

Richard DAVIS, Appellant.

No. 44870.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

Joseph W. Downey, Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree robbery, § 569.020, RSMo. 1978. The trial court sentenced defendant as a persistent offender to twenty-five years imprisonment. We affirm.

On November 21, 1980, around 11:30 P.M., closing time, two armed black males robbed the Church's Fried Chicken at 3422 South Jefferson in St. Louis. The only people in the restaurant at the time of the robbery were three employees; Antonio Borjas, Linda Krawczyk and Mark Dralle. The robbers were not wearing masks and the restaurant was well lit. The three were threatened with a gun and ordered to remove the drawer from the cash register.

Defendant alleges error on part of trial court in overruling his motion to suppress identifications by the three eyewitnesses. His motion to suppress the identifications was based on the allegation that the initial photographic displays to the witnesses were impermissibly suggestive. The standard for reviewing identification challenges is set out in State v. Patterson, 598 S.W.2d 483, 486–87 (Mo.App.1980). "Convictions based upon identifications are to be set aside only if the identification procedure was 'so impermissibly' suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

The testimony adduced at the suppression hearing follows.

Shortly after the robbery, Mr. Borjas identified the defendant as his robber when shown a photographic display of nine photographs. Defendant alleges this photographic display was impermissibly suggestive in that two of the photographs were slightly larger and had a different color background than the others. Additionally, he argues that only one of these two photographs portrayed someone with a beard. Because all witnesses had described their robber as having a beard, appellant argues the witness would be led to choose the bearded man. Appellant's theory is found-

ed on the fact that the witnesses would only choose from the two larger photographs and ignore the bearded men in the other seven photographs.

When the dissimilarity in the photographs was pointed out to him, Mr. Borjas stated he never noticed the differences in size and background of the several photographs and chose the defendant's photograph only because that was the man who robbed him.

Ms. Krawczyk did not even participate in a photographic display. Instead, she picked the defendant out of a line-up two days after the robbery.

Mr. Dralle picked defendant out of a photographic display as well as a line-up shortly after the robbery.

Each witness testified that he or she did not confer with the others before or after the photographic display and/or line-up. The trial judge made particular reference to the fact that each witness' identification was kept separate.

Furthermore, it is clear that the identifications had an independent basis. *State v. Patterson,* 598 S.W.2d 483, 488 (Mo.App. 1980). In addition to the close proximity in time between the robbery and the identifications, Mr. Borjas testified that at one point the defendant was about two inches away from him. Ms. Krawczyk testified she viewed the defendant from a distance of about two feet. And, although he did not expressly state so, it appears from his testimony that Mr. Dralle was also very close to the defendant during the robbery. Accordingly, we find that the photographic display session was not impermissibly suggestive, *State v. Patterson,* 598 S.W.2d at 487 and moreover that the identifications had an independent basis. *Id.* at 488.

Finally, appellant complains of the grand jury selection process in the City of St. Louis. Appellant stated that this point would be briefed in *State v. Payne,* 639 S.W.2d 597 (Mo. banc., 1982), and apparently asks that we take judicial notice of the outcome of that case. The issue in *Payne* relevant to this case was consolidated with *State v. Baker,* 636 S.W.2d 902 (Mo. banc,

1982). The court in *Baker* upheld the grand jury and grand jury foreman selection process contested here in *Payne.*

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.