**STATE of Missouri, Respondent,**

v.

**Rudolph Herman CHRISTENSEN, Appellant.**

**No. WD 36803.**

Missouri Court of Appeals, Western District.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 1986.

Application to Transfer Denied Jan. 13, 1987.

Charles E. Atwell, Patrick Berrigan, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Rudolph Christensen was found guilty by a jury of first degree robbery, § 569.020 RSMo 1978, and armed criminal action. Section 571.015 RSMo 1978. On finding Christensen to be a persistent offender, the

court imposed sentences of 25 years on each count with the sentences to run concurrently. Christensen contends the court erred in failing to quash the venire panel, in failing to grant a mistrial after a witness volunterred an inadmissible statement, in giving the burden of proof instruction, and in admitting identification testimony. Affirmed.

In July, 1984, two armed robbers entered the Silver Fox Hair Styling Salon, where the proprietor, Mona Angel, was cutting the hair of Donald Stephenson. Jackie Beshore was sitting in the waiting area, waiting to have his hair cut. One of the two robbers approached Angel and Stephenson, pointed a gun at Angel, and told her not to look at him. He took Angel and Stephenson back to a storage room in the salon and made them lie down on the floor. The second robber approached Beshore and made him go to the storage room and lie down on the floor beside Stephenson and Angel. The robber who had accosted Mona Angel commanded her to give him her jewelry. She was unable to remove her bracelets, and the robber bent down and removed her bracelets, while Mona Angel looked up into his face. He also put his hands on her body and said vulgar words to her. The robbers bound the victims with duct tape.

The robbers stayed long enough to take the cash register money, Mona Angel's purse and fur coat, and Jackie Beshore's money. After telling the victims not to get up, the robbers left.

The police officer investigating the crime showed each of the victims separately a photo array consisting of six pictures, including one of Christensen. The officer did not emphasize or point out the photo of Christensen in any way. Mona Angel identified the photograph of Christensen as that of the man who had pointed his gun at her and had taken her jewelry. Beshore picked out two pictures from the array, in an attempt to identify the other robber; the two pictures he picked out were of Christensen and Skidmore (who was later charged in the robbery). Beshore could not identify either picture positively. Stephenson also picked out Christensen's picture, although he expressed hesitancy due to what he described as a difference in hair color between the picture and the robber. All three victims identified Christensen in court as one of the robbers.

■ Christensen's first argument on appeal is that the trial court should have quashed the venire panel on the grounds that the prosecutor used her peremptory challenges to strike all of the blacks from the panel. Christensen relies on *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in arguing that a showing that the prosecutor used peremptory challenges to eliminate blacks from the venire in the case at bar would be sufficient grounds for reversal. Christensen admits that, prior to *Batson*, the defendant seeking reversal because of improper use of peremptory challenges had to show that the prosecutor systematically used peremptory challenges for the purpose of removing blacks from juries in "case after case." *Swain v. Alabama*, 380 U.S. 202, 223, 85 S.Ct. 824, 837–38, 13 L.Ed.2d 759 (1965). Christensen has made no showing for reversal under *Swain*, but instead relies exclusively on *Batson*.

*Batson* is inapplicable in this case. The *Batson* holding is clearly limited to cases in which "the prosecutor has exercised peremptory challenges to remove from the venire *members of the defendant's race.*" 106 S.Ct. at 1723 (emphasis added). In this case the defendant is white; therefore, he can not avail himself of the *Batson* holding by his claim that the prosecutor removed blacks from the venire.

■ Christensen's second argument is that the trial court erred in failing to grant a mistrial after Mona Angel volunteered the statement that Christensen "just got quite violent" at his preliminary hearing. The trial court promptly admonished the jury to disregard Angel's statement, which was not responsive to the question posed and was concededly improper. When a witness volunteers an inadmissible statement, the trial court must exercise its discretion

to determine how best to cure the harm done. *Anderson v. Burlington Northern Railroad,* 700 S.W.2d 469, 475[6] (Mo.App. 1985), *cert. denied,* — U.S. —, 106 S.Ct. 1974, 90 L.Ed.2d 657 (1986). The trial court should endeavor to cure the harm by admonition to the jury or other remedy less drastic than mistrial. *Id.* In this case, the court's choice of admonition as a method of curing the harm wrought by the witness' utterance was well within the court's discretion.

■ Christensen next argues that the court erred in using MAI–CR2d 1.02 and 2.20 to instruct the jury on the burden of proof, because those instructions define proof beyond a reasonable doubt as proof that leaves the jury "firmly convinced" of a defendant's guilt. The instructions were in the format of MAI–CR2d 1.02 and 2.20. An instruction in the format of MAI–CR will not be deemed to be error. *State v. Newlon,* 627 S.W.2d 606, 614[8, 9] (Mo. banc), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

■ Finally, Christensen argues that the photo array shown to the victims was unduly suggestive and that therefore the victims' identifications of Christensen should have been suppressed. Christensen argues the photo array was unduly suggestive because the police had descriptions from the victims indicating that the robber had a few days' beard growth and was wearing sunglasses (although all the victims did not agree on these two aspects of the description), and of the six pictures in the array only Christensen's featured beard growth and a cut under the left eye (which Christensen argues suggested that the person in the picture would have worn sunglasses to disguise the cut). First of all, the photo array exhibits have not been submitted to the court for examination, so it is difficult to ascertain how pronounced the difference was between Christensen's picture and the others. In any case, the defendant must show both that the police used unduly suggestive tactics in arranging the photo array and that the identification procedure was unreliable in light of all

the facts and circumstances. *See State v. Green,* 635 S.W.2d 42, 44–45[2] (Mo.App. 1982); *State v. Patterson,* 598 S.W.2d 483, 488[5, 6] (Mo.App.1980) (photo array case). Christensen has faltered at the first step, since the beard growth and the cut under the eye, as described to this court, do not indicate the police procedures were unduly suggestive. *See Green,* 635 S.W.2d at 45 (substantial differences may occur between persons in line-up). In *State v. Davis,* 645 S.W.2d 6 (Mo.App.1982), the court articulated the test as whether the identification procedure was so suggestive "as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* (quoting *State v. Patterson,* 598 S.W.2d at 487). No such likelihood exists in this case. Mona Angel, who made the most positive identification, did not include the beard in her description to the police of the robber and never agreed that the robber wore sunglasses. Moreover, any connection between the cut under Christensen's eye and the sunglasses is very speculative. Mona Angel testified Christensen did not have the cut under his eye at the time of the robbery; therefore, if the cut in the photo had any effect, it was to make it more difficult to identify Christensen as the robber. Further, Mona Angel said she also identified Christensen by his voice, which she said was very distinctive. This was a permissible method of identification. *Eichelberger v. State,* 524 S.W.2d 890, 894 (Mo.App.1975). The court did not err in overruling Christensen's motion to suppress.

The judgment is affirmed.