**STATE of Missouri, Respondent,**

v.

**Willie J. SURGEON, Appellant.**

**Willie J. SURGEON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56437, 59407.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 1991.

Melinda Kay Pendergraph, Brian N. Brown, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions by a jury of robbery in the first degree and armed criminal action and his sentencing by the court as a prior and persistent offender to consecutive sentences of life imprisonment and twenty five years. Defendant also appeals the denial of his post-conviction Rule 29.15 motion. We affirm the convictions and remand the post-conviction motion.

In March 1988 the Missouri Savings Bank on Forest Park Avenue in St. Louis was robbed by two men carrying guns. Included with the money given to the robbers was a "dye pack". Dye packs are used by banks as a security measure. They appear to be ordinary bundles of money, but when taken outside the bank they activate and explode a red dye. Shortly after the robbers left the bank the dye pack exploded releasing dye and money into the air. Two witnesses in an automobile near the bank observed two men running from the vicinity of the bank. They then observed the dye pack explode. One of the witnesses, Rita Jones, had worked in a bank and realized the significance of the dye pack explosion. The witnesses briefly lost sight of the two men but maintained an observation of nearby vehicles in hope of being able to supply information to the police. They shortly thereafter observed an automobile driven by one of the men they had previously seen running. The automobile passed the car in which Jones was riding and she observed the driver's face for two or three seconds. The witnesses obtained the license number of the automobile which they furnished to the police. The automobile was owned by the defendant and was located at the defendant's place of employment in north St. Louis county. Jones identified defendant in a line-up and at trial as the driver of the

automobile and the man she had seen running down the street.

On the day of the crime, a month prior to the line-up, Jones had been given a group of photographs of possible suspects. The photographs contained the names of the suspects. At the time she received the photographs Jones had been made aware by the police of the name of the person who owned the automobile she had observed. She did not believe it was "right" for her to identify the photograph of defendant containing his name when she was aware of the name of the automobile owner. She therefore made no identification of the defendant at the photo display. At the subsequent line-up she identified the defendant. She testified that no suggestions were made to her at the line-up and that her identification of the defendant was based upon her observation of him at the time of the crime and not upon the previously observed photograph.

Defendant was arrested on April 15. On that day a police officer received an anonymous phone call that the officer could find the gun used by defendant in the robbery in the back seat of a black car parked across from the Municipal Courts Building. The car was located and a license check established that the car was "wanted" for a traffic violation. Pursuant to standard police department procedures involving "wanted" vehicles a tow truck was summoned. Again pursuant to normal procedures the tow truck operator requested that an inventory of the vehicle's contents be made "for safekeeping purposes". This was done and during the inventory search certain evidence connected to the bank robbery was seized. The vehicle was subsequently towed away.

Defendant challenges the identification by Jones on the basis it was the product of the suggestive photo display. He challenges the evidence seized from the vehicle on the basis that it was the product of an illegal warrantless search and seizure prohibited by the Fourth Amendment of the United States Constitution. Following pretrial hearings the trial court held both the identification testimony and the seized evidence to be admissible.

In evaluating the admissibility of Jones's testimony we apply a two-pronged test. First we must determine if the photo display was suggestive and if so, whether the suggestiveness had an impact on the reliability of Jones's identification at the line-up and at trial. *State v. Morant,* 758 S.W.2d 110 (Mo.App.1988) [11–12]. We will assume for purposes of this opinion that the photo display was suggestive. Unless, however, the suggestive procedures give rise to a very substantial likelihood of irreparable misidentification the witness' identification is admissible and the jury determines the reliability of the identification. *State v. Hornbuckle,* 769 S.W.2d 89 (Mo. banc 1989) [6, 7]. Admissibility of the identification evidence turns on the reliability of the identification rather than on the suggestiveness of the procedure. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *State v. Hornbuckle,* supra [4, 5]. In determining reliability we look to the totality of the circumstances which includes five factors: (1) opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the suspect; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Id. State v. Hornbuckle,* supra. [4, 5].

Here Jones saw the defendant running from the scene and observed him again for two or three seconds when he passed her automobile. On the second occasion she was aware that a crime had been committed and that the defendant was involved. She and her companion were seeking to obtain information to benefit the police in apprehending the robbers. Her observation of defendant was therefore under circumstances establishing an extremely high degree of attention and concentration. Under those circumstances the length of time of observation was ade-

quate. *See State v. McGrath,* 603 S.W.2d 518 (Mo.1980) [4–6]; *State v. Pieron,* 755 S.W.2d 303 (Mo.App.1988). The description given by Jones to the police does not appear in the record. Her identifications at the line-up and at trial were positive and certain. She explained satisfactorily her refusal, not inability, to identify defendant from the photographs. The one month period of time between the crime and the line-up is well within an acceptable time frame to demonstrate reliability. *State v. Stephens,* 708 S.W.2d 345 (Mo.App.1986) [4]; *State v. Taylor,* 655 S.W.2d 633 (Mo.App. 1983) [4]. We find no abuse of the trial court's discretion in ruling the identification to be admissible.

Inventory searches are an exception to the probable cause and warrant requirements of the Fourth Amendment. Evidence discovered during an inventory search conducted according to standardized procedures is admissible unless the police acted in bad faith or "for the sole purpose of investigation". *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) [1]. Inventory searches serve to protect the car owner's property, protect the police from fraudulent claims of property damage or loss, and guard police from danger. *Id.* Even where the police believe that the search will lead to the discovery of evidence or contraband, an inventory search conducted according to proper police procedures will not be invalidated. *State v. Milliorn,* 794 S.W.2d 181 (Mo. banc 1990) [8]. The evidence surrounding the inventory search has been previously set forth. That evidence was sufficient for the trial court to conclude that the police followed standardized police procedures in conducting the inventory search. They may well have expected that the search would yield evidence against the defendant but the record does not establish that they proceeded in bad faith or solely for the purpose of investigation. Our review utilizes the abuse of discretion standard and we reverse only if the trial court's decision is clearly erroneous. *State v. Milliorn,* supra [5]. We are unable to find an abuse of discretion.

The state concedes that under *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991) defendant is entitled to a hearing on whether motion counsel's failure to file an amended post-conviction motion constituted a denial of post-conviction counsel.

Judgments of conviction affirmed. Motion under Rule 29.15 is remanded for hearing pursuant to *Luleff v. State.*

KAROHL and AHRENS, JJ., concur.