**STATE of Missouri, Respondent,**

v.

**Arlando SUTHERLAND, Appellant.**

**Arlando SUTHERLAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57423, 60477.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Dorothy Mae Hirzy, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from his convictions on two counts of possession of controlled substances in the Circuit Court of the City of St. Louis.[1] In our original opinion, we reversed and remanded because the trial court erred in refusing to give an instruction on circumstantial evidence. The Missouri Supreme Court sustained the State's motion to transfer and then retransferred the case to this court for reconsideration in light of State v. Grim, # 74892 (Mo. banc May 25, 1993). We now affirm.

On January 16, 1989, St. Louis City Police investigated a tip that narcotics were being sold from rooms in a downtown hotel. The officers conducted a surveillance of room # 2317 from two other rooms on the twenty-third floor of the hotel. Police obtained a warrant to search for cocaine in room # 2317. At 12:30 a.m., Detective Sergeant Beffa phoned from the lobby to two officers watching the twenty-third floor and told them that he was bringing up a warrant to search room # 2317. The two officers, Detectives Murphy and McConnell, left their rooms to await Beffa. In the hallway the detectives encountered defendant, who had just exited room # 2317. The detectives stopped and frisked defendant as Beffa and other officers arrived on the twenty-third floor with the warrant. Defendant told the officers that his name was Greg Heath, that he was a resident of room # 2317, and that the

---

1. Defendant also filed a Rule 29.15 motion for post-conviction relief. The motion court denied it and defendant filed a notice of appeal with this court. Defendant did not brief any issues relating to his Rule 29.15 motion, so we consider that appeal abandoned.

officers could verify that at the front desk. The officers entered room # 2317 with a hotel pass key. The officers had defendant re-enter the room with them while they conducted the search.

During the search, officers found a red toolbox in a closet. The top tray of the toolbox contained a watch and ring which defendant identified as his. Three rocks of heroin and a large amount of currency were found in the bottom of the toolbox. A bag of marijuana was found in a nightstand drawer.

Defendant raises three points on appeal. First, he claims that the trial court erred by failing to require the State to give race-neutral explanations for using peremptory challenges against black venirepersons. Second, defendant claims the trial court erred in refusing to give a requested instruction on circumstantial evidence. Finally, defendant argues that his detention outside of room # 2317 was illegal and the court erred in refusing to suppress statements he made during that detention.

■■■ In his first point, defendant argues that the trial court erred in failing to require the State to give race-neutral explanations for its use of peremptory challenges against black venirepersons in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992). After the State and defendant had exercised their peremptory challenges, defendant moved to quash the venire panel on grounds that the strikes of the State were racially biased. A *Batson* challenge raised before the venire is excused and the jury is sworn is timely. *Parker*, 836 S.W.2d at 935. However, a motion to quash the venire is an improper objection for a *Batson* violation. *State v. Grim*, 854 S.W.2d 403, 416 (Mo. banc 1993). "To the contrary, the proper remedy for discriminatory use of peremptory strikes is to quash the strikes and permit those members of the venire stricken for discriminatory reasons to sit on the jury if they otherwise would." *Id.* In *Parker*, the Missouri Supreme Court reasoned that quashing the venire and selecting a new jury does not

correct the *Batson* error because while the defendant is able to pick a new jury, the excluded venire persons have still been subjected to discrimination. *Parker*, 836 S.W.2d at 936. Making an objection to a strike allows the trial court to redress the alleged discrimination against the excluded venireperson by disallowing the strike rather than wasting scarce judicial resources by selecting a new jury. *Id.* We decline to address this point for plain error, since it would address the rights of the excluded venirepersons and not the rights of the defendant. Point denied.

■■■ In his second point, defendant argues that the trial court erred in refusing to submit the circumstantial evidence instruction, MAI–CR3d 310.02, requested by defendant. The trial judge must instruct on circumstantial evidence if the defendant so requests and the evidence is wholly circumstantial. *State v. Bannister*, 680 S.W.2d 141, 148 (Mo. banc 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). The giving or failure to give an instruction or verdict form in violation of the Rules of Criminal Procedure or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined. Rule 28.02(f).

Assuming for purposes of appeal that all the evidence was circumstantial, defendant was entitled to a circumstantial evidence instruction MAI–CR3d 310.02, which formerly read as follows:

> Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered together all the other evidence in the case and arriving at your verdict.

> You should not find the defendant guilty unless the facts and circumstances proved are consistent with each other and the guilt of the defendant, and inconsistent with an reasonable theory of his innocence.

■■■ In *Grim*, the Missouri Supreme Court addressed the question of the proper

standard of review for reviewing the sufficiency of the evidence in cases based wholly upon circumstantial evidence. Prior to *Grim,* appellate courts reviewed a case questioning the sufficiency of the evidence in a purely circumstantial case under a higher standard than a case with some direct evidence. In *Grim,* the court rejected the circumstantial evidence rule as the standard for reviewing the sufficiency of the evidence. *Grim,* 854 S.W.2d at 405. Now cases based wholly on circumstantial evidence are held to the same standard of review as cases involving direct evidence. The court also changed the MAI instruction to make it consistent with the new standard for appellate review by holding that the second paragraph of MAI–CR3d 310.02 shall no longer be given. *Grim,* 854 S.W.2d at 407. This second paragraph, which required the jury to find that the facts and circumstances were consistent with each other and the guilt of the defendant and inconsistent with any reasonable theory of innocence obviously benefitted the defendant. The *Grim* opinion is silent regarding the continued use of the remaining paragraph of MAI–CR3d 310.02. Accordingly, Note On Use 2 under MAI–CR3d 310.02, which mandates the giving of this instruction when all of the evidence is circumstantial, apparently remains in effect and its violation constitutes error subject to our determination of prejudicial effect under Rule 28.02(f). What remains of the instruction is a definition of circumstantial evidence and a direction to the jury to consider that evidence together with all other evidence in arriving a verdict. The instruction has been rendered innocuous. Failure to instruct the jury to consider circumstantial evidence in a case based entirely upon circumstantial evidence cannot possibly cause prejudice to a defendant. Point denied.

■ Defendant's third point is that his statements during his detention inside the hotel room were the product of an unlawful seizure. Defendant claims that the officers violated his constitutional rights when they stopped and searched him the hallway outside room # 2317. Specifically, defendant argues that the officers had no reasonable grounds to believe defendant was armed and dangerous or engaged in criminal activity. The State argues that the detention of defendant was proper under the facts of *Michigan v. Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). In *Summers,* the court held that pre-arrest seizure of an occupant without probable cause was permissible during the execution of a search warrant. 452 U.S. at 705, 101 S.Ct. at 2595, 69 L.Ed.2d at 351. The *Summers* court distinguished the "seizure" from the "search" of the defendant in *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), which defendant relies heavily upon. *Summers,* 452 U.S. at 695, n. 4, 101 S.Ct. at 2590, 69 L.Ed.2d at 345. *Ybarra* dealt with the issue of whether a warrant provided probable cause to search a person present during the execution of a warrant to search premises. Defendant does not contend that he was searched illegally during the execution of the search warrant, rather defendant only argues that he was illegally detained during the execution of the search warrant.

The facts of *Summers* are strikingly similar to the facts of this case. In *Summers,* police were about to execute a search warrant on a house when they encountered Summers leaving the house. 452 U.S. at 693 n. 1, 101 S.Ct. at 2589, 69 L.Ed.2d at 344. The officers detained Summers and asked him for his assistance in letting them in the home. *Id.* Because Summers did not have his keys and because the occupants would not admit the police, the officers forcibly entered the house. *Id.* Summers was brought back into the house where he was detained with the other eight occupants. *Id.* The court held that a warrant to search for contraband founded upon probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. 452 U.S. at 705, 101 S.Ct. at 2595, 69 L.Ed.2d at 351. The court found insignificant the fact that Summers was found outside the house and forced to re-enter the house. 452 U.S. at 702 n. 16, 101 S.Ct. at 2594 n. 16, 69 L.Ed.2d at 349 n. 16. The *Summers* holding has two elements:

1) there must be a valid warrant to search for contraband, and 2) the person detained must be an occupant. 2 W. LaFave, *Search and Seizure*, § 4.9(e) at 309 (1987). The warrant in this case authorized a search for cocaine. The officers had reason to believe that defendant was an occupant of the premises based on their investigation of the hotel room and by defendant's statement that he was registered for that room. Because it was lawful to detain defendant and have him return to the room, defendant's statements made in the hallway were not the fruit of an illegal seizure. The trial court properly denied defendant's motion to suppress.

Accordingly, we affirm the judgment of the trial court.

SIMON and CRANE, JJ., concur.