STATE of Missouri, Respondent,

v.

Melvin SHELTON, Appellant.

Melvin SHELTON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61146, 64106.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for illegal possession of cocaine and sentence to ten years' imprisonment. He also appeals the denial of his Rule 29.15 motion for post-conviction relief. We affirm.

On April 24, 1990, at approximately 2:00 a.m., Officer Alan Barton of St. Louis City observed Defendant run a stop sign at the intersection of East Linton and Blair streets. After pulling Defendant over, Officer Barton conducted a "wanted" check on Defendant. Upon learning Defendant was wanted for a prior crime, Officer Barton arrested Defendant and transported him to the Fifth District police station. At that time, pursuant to department policy, Officer Barton conducted an inventory search of Defendant's personal effects. In the course of his search of Defendant, Officer Barton found a small bag of cocaine hidden in the insole of Defendant's tennis shoe. Defendant was later charged and convicted of possession of cocaine. Defendant also filed a Rule 29.15 motion for post-conviction relief, which was denied after an evidentiary hearing. Although this appeal consolidates Defendant's direct appeal and 29.15 motion, Defendant fails to present any points on appeal regarding the denial of his Rule 29.15 motion.

In Point I, Defendant argues the trial court abused its discretion in overruling his motion to suppress the cocaine seized during the inventory search conducted at the police station. Specifically, Defendant alleges Officer Barton failed to conduct the search of the insole of his tennis shoe pursuant to standardized procedures or an established routine, but instead conducted it solely for the purpose of investigation.

Inventory searches are a well-defined exception to the probable cause and warrant requirements of the Fourth Amendment. *See, Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); *State v. Surgeon*, 823 S.W.2d 63, 66 (Mo.App. 1991). "Evidence discovered during an inventory search conducted according to standardized procedures is admissible unless the police acted in bad faith or 'for the sole purpose of investigation.'" *Surgeon*, 823 S.W.2d at 66, *quoting, Bertine*, 479 U.S. at 367, 107 S.Ct. at 738; *see also, Florida v. Wells*, 495 U.S. 1, 3, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990); *State v. Gillespie*, 805 S.W.2d 690, 692 (Mo.App.1991).

The United States Supreme Court listed several rationales for an inventory search exception: (1) to deter false claims of stolen property; (2) to inhibit theft or careless handling of articles taken from arrested persons; and (3) to search for dangerous instrumentalities, including belts, knives, *drugs*, razor blades, and weapons, with which arrested persons could injure themselves or others. *Illinois v. Lafayette*, 462 U.S. 640, 646, 103 S.Ct. 2605, 2609, 77 L.Ed.2d 65 (1983); *See also, Bertine*, 479 U.S. at 369–70, 107 S.Ct. at 740.

 Sufficient evidence exists to support the trial court's denial of Defendant's motion to suppress. *See, State v. Riddle*, 843 S.W.2d 385, 386[2] (Mo.App.1992) (standard of review). First, Officer Barton testified he conducted an inventory search of Defendant's personal property pursuant to department policy. As part of that policy, Officer Barton searched Defendant after Defendant removed his personal belongings, including his shoelaces and belt. Barton testified this subsequent search was to assure Defendant had not left any property on his body, including a weapon or contraband, with which Defendant could hurt himself in the holding cell. He further testified he had recently been instructed to conduct more thorough investigations of arrested persons' shoes, because recently someone had smuggled a marijuana joint into a holding cell in his shoe. Ample evidence exists to show Officer Barton conducted the inventory search of Defendant, including Defendant's shoes, pursuant to standardized police procedures. *See, State v. Brown*, 814 S.W.2d 304, 309[11] (Mo.App. 1991). Further, any suspicion by Barton of contraband will not invalidate that search. *See, State v. Friend*, 711 S.W.2d 508, 511[4] (Mo. banc 1986). Point denied.

In his second point of error, Defendant argues the trial court erred in failing to require the State to recite its race-neutral reasons for its peremptory strikes in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

 Defendant has failed to preserve his point for review. After the State had exercised its peremptory strikes, defense counsel moved to quash the jury panel. A motion to quash the entire venire panel is an

improper objection for a *Batson* violation. *State v. Sutherland*, 859 S.W.2d 801, 803[2] (Mo.App.1993). Instead, the correct remedy is to quash the strikes and permit the venire members who were stricken for discriminatory reasons to sit on the jury. *State v. Grim*, 854 S.W.2d 403, 416[11]; *State v. Parker*, 836 S.W.2d 930, 936 (Mo. banc 1992). Therefore, the point has not been properly preserved, and we decline plain error review. Point denied.

In his final point, Defendant avers the trial court abused its discretion by admitting State's Exhibit No. 5, a photograph of a tennis shoe showing how a substance could be concealed in its insole, because its prejudicial nature outweighed its probative value. The exhibit in question was not a photograph of Defendant's shoe. Rather, it was a photograph which had been circulated within the police station to demonstrate how suspects were concealing drugs within their shoes.

■■■ A trial court is vested with broad discretion in admitting photographs. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988). Photographs are admissible to corroborate witness testimony, to assist the jury in understanding the testimony and facts, and to prove an element of the case. *State v. Thomas*, 820 S.W.2d 538, 544 (Mo.App.1991).

■■ The trial court did not abuse its discretion in admitting the photograph. The photograph was relevant, even though it did not depict Defendant's shoes. Not only did it corroborate Officer Barton's testimony, it also assisted the jury in understanding his actions. The photograph was a copy of the one circulated around the police station prior to Defendant's arrest. That photograph was attached to a memorandum stating officers should search arrested persons' shoes. It explained why Officer Barton examined the insole of Defendant's shoe. The photograph also demonstrated how drugs could be hidden in shoes. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.