Rudolph CHRISTENSEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47883.

Missouri Court of Appeals,
Western District.

May 3, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and FENNER and SPINDEN, JJ.

FENNER, Judge.

Appellant, Rudolph Christensen, appeals the denial of his Rule 27.26 motion for postconviction relief by the Circuit Court of Jackson County, Missouri.[1]

On August 15, 1984, appellant was charged by information with one count of first degree robbery, § 569.020, RSMo 1986, and one count of armed criminal action, § 571.015, RSMo 1986. The information was later amended to charge appellant as a persistent offender. After trial by jury in January of

---

1. Rule 27.26 was repealed effective January 1, 1988 and was replaced with Rules 24.035 and 29.15. Appellant's postconviction appeal is governed by Rule 27.26 because appellant was sentenced and had a Rule 27.26 motion pending prior to January 1, 1988.

1985, appellant was found guilty on both counts. On February 7, 1985, appellant filed a Motion for Judgment of Acquittal or, alternatively, For a New Trial, alleging, in part, that "[t]he trial court erred in not striking the entire jury panel in that there were but four jurors on the entire panel that were Black, and all four were struck preemptorily [sic] by the state." On March 1, 1985, appellant's motion was overruled and judgment was entered whereby appellant was sentenced as a persistent offender to concurrent terms of twenty-five (25) years imprisonment on each count.

Appellant filed a notice of appeal to this court on March 6, 1985. In his appeal, appellant argued, in part, that the trial court should have quashed the venire panel on the grounds that the prosecutor used her peremptory challenges to strike all of the blacks from the panel. *See State v. Christensen,* 720 S.W.2d 738, 739 (Mo.App.1986). In his argument, appellant relied on *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This court found *Batson* to be inapplicable to appellant's case, and thus rejected appellant's argument, because:

> The *Batson* holding is clearly limited to cases in which "the prosecutor has exercised peremptory challenges to remove from the venire *members of the defendant's race.*" [476 U.S. at 96] 106 S.Ct. at 1723 (emphasis added). In this case the defendant is white; therefore, he can not avail himself of the *Batson* holding by his claim that the prosecutor removed blacks from the venire.

*Christensen,* 720 S.W.2d at 739. This court affirmed appellant's conviction and sentence on September 30, 1986. *Id.*

On November 18, 1987, appellant filed a *pro se* Rule 27.26 motion to vacate his sentence. In this postconviction relief motion, appellant alleged, in part, that "the trial court erred in failing to quash the jury selected in this cause because the State systematically used it's [sic] peremptory challenges to remove the only four black persons among the venire following voir dire and challenges for cause in that such systematic exclusion of a racial group solely on the basis of race denied Movant a fair cross-section of

the community on his jury and denied Movant due process and the equal protection of the law." On January 28, 1988, appellant filed an amended Rule 27.26 motion. Counsel was later appointed to represent appellant in his Rule 27.26 proceedings. Counsel for appellant filed an amended Rule 27.26 motion incorporating appellant's previous *pro se* motions.

At the evidentiary hearings on October 31, 1991 and May 22, 1992, postconviction counsel cited to *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to support appellant's claim that he was denied the right to equal protection by the trial court's failure to quash the jury panel at his trial, following the State's exercise of its peremptory challenges to remove all black venire members from the jury panel. The motion court entered findings of fact and conclusions of law on April 12, 1993, overruling appellant's postconviction relief motion. In its conclusions of law, the motion court stated, in part, as follows:

> In paragraph 9(q), Movant raised the most difficult issue to be decided by this Court. That is, whether the decision of *Powers v. Ohio* [499 U.S. 400], 111 S.Ct. 1364 [113 L.Ed.2d 411] (1991), which extends the holding of *Batson v. Kentucky, supra,* to include the exclusion of members of the venire whose race is different than that of the defendant, should be applied retroactively in order to grant Movant a new trial under Missouri Supreme Court Rule 27.26.

The court found that *Powers,* which was decided on April 1, 1991, announced a "new rule" in that it was a break with prior precedent, *i.e., Batson,* which was decided on April 30, 1986. *Powers* eliminated the same race requirement of *Batson,* and announced that criminal defendants had the requisite standing to raise third party claims of excluded jurors not to be stricken because of their race. The motion court found that "[a]lthough the *principles* upon which [*Powers*] was based were generally discussed in *Batson,* this is a result that was not dictated by *precedent* at the time of finality of Movant's appeal in this case (emphasis in original)." *Powers,* the court stated, "announces a new rule and should not be applied in this collat-

eral proceeding for the reason that, as discussed hereinbelow, trial by a fair cross section of jurors is not a rule that improves fact finding procedures or which is outcome determinative." The motion court concluded that under the U.S. Supreme Court's holding in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in *Powers* should not be retroactively applied in this collateral proceeding.

Most significantly, however, the motion court found that movant's claim was not cognizable because he raised the *Batson* claim on direct appeal and the issue was decided adversely to him. Thus, movant "is procedurally barred, and this Court is bound by precedent from reconsidering it in a post-conviction relief proceeding. Rule 27.26(b)(3) *and Mooring v. State,* 501 S.W.2d 7 (Mo. 1973)." This appeal followed.

In his sole point on appeal, appellant argues that the motion court clearly erred in overruling appellant's Rule 27.26 motion for postconviction relief because "the record reflects that appellant and the black veniropersons on his jury panel were denied their rights to equal protection of the law . . ., in that the State peremptorily challenged all four of the black venirepersons on appellant's jury panel, trial counsel properly objected to the State's use of its peremptory challenges, the State was not required to give race-neutral reasons for the exercise of those peremptory challenges, and the trial court overruled appellant's motion to quash the jury panel."

Appellant's argument on appeal focuses on the application of *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to appellant's case. Appellant contends that *Powers* is not a new rule, as defined by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), but is merely an expansion of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and thus applies retroactively to appellant's case. As set forth below, however, we need not address the merits of this argument.

█ Appellate review of a denial of a postconviction motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). A motion court's actions are deemed clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *State v. Schaal,* 806 S.W.2d 659, 667 (Mo. banc 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992).

█ Appellant's claim that the prosecutor exercised her peremptory challenges in a racially discriminatory manner was already decided by this court adversely to appellant. *See State v. Christensen,* 720 S.W.2d 738, 739 (Mo.App.1986). Because this issue has previously been reviewed on direct appeal, appellant may not relitigate it in his Rule 27.26 motion. *Smith v. State,* 789 S.W.2d 172, 173 (Mo.App.1990). Thus, the motion court correctly rejected appellant's *Batson* argument as being "procedurally barred," and the motion court was "bound by precedent from reconsidering it in a post-conviction relief proceeding."

Furthermore, as the court stated in *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc), *cert. denied,* 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989), "[a] Rule 27.26 motion cannot be used as a vehicle for a second appellate review and issues decided in the direct appeal cannot be relitigated in a post-conviction proceeding. . . . This is true even though the issue is cloaked in a different theory (citations omitted)." Based on the above authority, appellant's *Batson* claim is not cognizable and the motion court properly rejected it.

█ In its brief, respondent correctly points out that even if we could review appellant's *Batson* claim, it was not properly preserved for appeal. The record reflects that at trial, at the close of voir dire, the following colloquy occurred:

MR. ATWELL [defense counsel]: . . . My record would be as follows: That I note that there were, as I count, four blacks on this panel subject to being stricken. . . . I would, first of all, ask that the jury panel be stricken and a new panel be called based upon the use of—since the prosecution struck all the blacks that that indi-

cates there is—there is no indication these people were particularly—had any particular reason for them to have been stricken other than the fact they were black.... I would move to strike the whole panel based upon that record.

THE COURT: That will be denied....

 In *State v. Sutherland*, 859 S.W.2d 801, 803 (Mo.App.1993), the court noted that, at trial, after the State and defendant had exercised their peremptory challenges, defendant moved to quash the venire panel on grounds that the strikes of the State were racially biased. The court in *Sutherland* found that a motion to quash the venire is an improper objection for a *Batson* violation. *Id.* Rather, the proper remedy for discriminatory use of peremptory strikes is to quash the strikes and permit those members of the venire stricken for discriminatory reasons to sit on the jury if they otherwise would. *Id.* (citing *State v. Grim*, 854 S.W.2d 403, 419 (Mo. banc 1993)). The court further stated:

> In [*State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992)], the Missouri Supreme Court reasoned that quashing the venire and selecting a new jury does not correct the *Batson* error because while the defendant is able to pick a new jury, the excluded venire persons have still been subjected to discrimination. *Parker*, 836 S.W.2d at 936. Making an objection to a strike allows the trial court to redress the alleged discrimination against the excluded venireperson by disallowing the strike rather than wasting scarce judicial resources by selecting a new jury. *Id.* We decline to address this point for plain error, since it would address the rights of the excluded venirepersons and not the rights of the defendant.

*Sutherland*, 859 S.W.2d at 803. In other words, the purpose of a *Batson* challenge is not to replace an entire panel, which would effectively deny the wrongly struck jurors their opportunity to serve, but to quash only the prejudice or wrongful strike. *State v. Tims*, 865 S.W.2d 881, 884 (Mo.App.1993). In *Tims*, as in *Sutherland* and the case at bar, the defense counsel failed to use the appropriate form of objection for a *Batson* challenge when she moved to quash the jury panel. *Id.* The court in *Tims* found that the

issue was not preserved for review and declined to address the point for plain error. *Id.*

We find that the motion court did not clearly err in denying appellant's claim. Appellant's claim was already reviewed on direct appeal and is not cognizable in a post-conviction proceeding. Furthermore, appellant failed to preserve this issue for appeal.

The motion court's denial of appellant's postconviction relief motion is affirmed.

All concur.