STATE of Missouri, Respondent,

v.

Vernon BROWN, Appellant.

No. 73575.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1997.

Loyce A. Hamilton, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

In 1991, appellant Vernon Brown was convicted of first degree murder and sentenced to death. A motion for post-conviction relief was filed and overruled. This Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.*

During the jury selection process, the state used ten of its twelve peremptory strikes to remove women from the jury panel. Defense counsel objected to the state's use of its strikes to eliminate women from the venire. The trial court refused to allow a hearing on whether the state removed these venirepersons solely on the basis of their gender.

■ The Equal Protection Clause of the Fourteenth Amendment governs the exercise of peremptory challenges by a prosecutor in a criminal trial. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In 1994, the United States Supreme Court expanded *Batson* to prohibit potential jurors from being stricken solely on the basis of gender. *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). Brown unsuccessfully raised a gender based *Batson* challenge in 1991, three years before *J.E.B.* The state concedes *Batson* and its progeny apply retroactively to all cases pending on appeal when the new rule is announced. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

■ In the present case, defense counsel moved to quash the entire jury panel based on both racial and gender *Batson* violations. Because quashing the jury panel will not "really correct the error," such motion is not an appropriate objection. *State v. Parker,* 836 S.W.2d 930, 936 (Mo. banc), *cert. denied,* 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). Cases decided by the court of appeals since *Parker* have held that a motion to quash the entire panel is ineffective to preserve the *Batson* challenge. *State v. Sutherland,* 859 S.W.2d 801, 803 (Mo.App.1993); *State v. Tims,* 865 S.W.2d 881, 884 (Mo.App. 1993); *State v. Shelton,* 871 S.W.2d 598, 599–600 (Mo.App.1994); *Christensen v. State,* 875 S.W.2d 576, 578–579 (Mo.App.1994). However, this case was tried prior to *Parker.* In *Parker,* this Court exercised discretion to consider the *Batson* issue preserved for appeal despite the absence of defendant seeking any relief other than a motion to quash the jury panel. Moreover, as the following

exchange indicates, the defense objection in this case went further and was more specific:

> [Defense Counsel]: ... I am also moving on the grounds that the strikes were done in a way as to discriminate against women as well, I'm not saying that Batson deals specifically with the issue of gender but I'm saying that I'm making that objection as well.
>
> THE COURT: Very well.
>
> [Prosecutor]: I'm asking that that be ruled out of this discussion, the part about gender, since that has nothing to do with Batson.
>
> THE COURT: I'll sustain that, that will be a point that if necessary the defendant can urge on appeal.
>
> [Defense Counsel]: Okay. The Court's failure to allow me to make a record with regard to the State discriminating in terms of gender violates my client's rights to due process [and] equal protection, ....
>
> THE COURT: Very well. Overruled.

■ The defense counsel then identified, by name and gender, ten women who had been stricken by the state. The prosecutor stipulated to the identity and gender of the venirepersons he had stricken. Defense counsel's specific identification of venirepersons belonging to a protected group that were stricken by the state and asserting that denial of a hearing regarding the strikes violated the Equal Protection Clause was sufficient to raise the *Batson* claim. *Parker,* 836 S.W.2d at 939. Certainly neither the prosecutor nor the trial judge were misled by any lack of specificity in the gender *Batson* objection. Having asked for relief and objected to the trial court's handling of the problem, the issue was preserved for appeal. *State v. Grim,* 854 S.W.2d 403, 416 (Mo. banc), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

As was the case in *Parker, supra,* this case is remanded to the trial court for a hearing to determine whether the prosecutor used the state's peremptory strikes to remove members solely on the basis of gender. Upon completion of that hearing, the record of the proceeding shall be certified to this Court.

BENTON, C.J., and PRICE, LIMBAUGH, ROBERTSON, COVINGTON and HOLSTEIN, JJ., and McHENRY, Senior Judge, concur.

White, J., not sitting.